UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTA CLARK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15CV546 HEA |
| ) | |
| PFIZER, INC., et al., ) | |
| ) | |
| Defendants, ) | |

## OPINION, MEMORANDUM AND ORDER

This litigation is before the Court having been removed to this Court pursuant to 28 U.S.C. § 1446(c), based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 7], Plaintiffs' Motion to Remand [Doc. No. 11], and Defendants' Motion to Stay [Doc. No. 14]. All three Motions are fully briefed, each party has filed Notices of Supplemental Authority [Doc. Nos. 21, 22], and Plaintiffs have filed a Response to Defendants' Notice of Supplemental Authority [Doc. No. 23]. For the reasons set forth below, the Court will grant Plaintiffs' Motion to Remand, and deny Defendants' Motions to Dismiss and Stay.

## Background

Plaintiffs are twenty-nine women who filed this action in the Circuit Court for the Twenty-Second Judicial Circuit of the City of St. Louis, on February 27, 2015. Plaintiffs' suit arises out of injuries they allegedly sustained as a result of their ingestion of the prescription drug Lipitor. Plaintiffs are citizens of Missouri, Arkansas, Arizona, Colorado, Florida, Hawaii, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, North Carolina, New York, South Carolina, Texas, and Washington. Defendant Pfizer Inc. is a corporation incorporated under the laws of Delaware with its principal place of business in New York. Defendant Greenstone, LLC

is a limited liability company organized under the laws of Delaware with its principal place of business in New York.

At all relevant times, Defendants were engaged in the business of researching, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting, and selling Lipitor in Missouri and throughout the United States.

**Standard**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC,* 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro,* 591 F.3d at 620 (citing *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

**Discussion**

On the issue of whether the matter should be stayed pending a ruling on conditional transfer by the MDL panel, Defendants are reminded that "[t]he pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending

federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. Rule of Procedure 2.1(d). It has been said by another member of this court related to the same motion in another case such as this:

> A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings [related to an MDL proceeding]." This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction.

*Spears v. Fresnius Medical Care No. Am., Inc.*, No. 4:13CV855 (CEJ), 2013 WL 2633302, at *1 (E.D. Mo. 2013); *see also Littlejohn v. Janssen Research & Dev., LLC*, No. 4:15CV194 (CDP), 2015 U.S. Dist. LEXIS 48048 (E.D. Mo. Apr. 13, 2015). Jurisdiction of the court is always the paramount consideration. As such, Defendants' Motion to Stay will be denied.

As to the competing Motion to Dismiss and Motion to Remand, Plaintiffs argue that the case must be remanded due to lack of complete diversity,[1] while Defendants contend that the action must be dismissed for lack of personal jurisdiction over any Plaintiffs but the two that reside in Missouri. Defendants contend that, despite the ostensible lack of complete diversity, it was intentionally destroyed through Plaintiffs fraudulently misjoining plaintiffs who share citizenship with Defendants, and therefore the Court should consider the Motion to Dismiss first.

On the issues presented in these dueling Motions—namely, whether to first address subject matter jurisdiction or personal jurisdiction, and whether to apply the doctrine of fraudulent misjoinder—this Court will follow the great weight of authority from this District.

Colleagues in this District have repeatedly exercised their discretion in deciding whether to consider personal or subject matter jurisdiction in the first instance—*see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)—to consider subject matter jurisdiction first. *See, e.g., Bradshaw v. Mentor Worldwide, LLC*, No. 4:15CV332 (SNLJ), 2015 U.S. Dist. LEXIS

---

[1] Three Plaintiffs are citizens of New York, which is home to both Defendants by virtue of that state being their principal place of business.

72088 (E.D. Mo. June 4, 2015); *Clayton v. Ortho-Mcneil-Janssen Pharms, Inc.*, No. 4:14CV1927 (JAR), 2015 U.S. Dist. LEXIS 50062 (E.D. Mo. Apr. 16, 2015); *Littlejohn*, 2015 U.S. Dist. LEXIS 48048. The consistent holding has been to grant motions to remand because diversity jurisdiction—and therefore subject matter jurisdiction—was found to be lacking. *See Bradshaw*, 2015 U.S. Dist. LEXIS 72088, at *6 (collecting cases).

When squarely confronted with the legal theory of fraudulent misjoinder,[2] the Eighth Circuit declined to either adopt or reject the doctrine because it found that, even assuming the doctrine were applicable in the case before it, the plaintiffs' alleged misjoinder was "not so egregious as to constitute fraudulent misjoinder." *Prempro*, 591 F.3d at 622. Colleagues in this District have repeatedly found that, even assuming the validity of the fraudulent misjoinder doctrine, the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect plaintiffs' claims. *See, e.g., Lovett v. Pfizer Inc.*, No. 4:14CV458 (CEJ), 2014 U.S. Dist. LEXIS 39983 (E.D. Mo. Mar. 26, 2014) (citing *Jackson v. Pfizer Inc.*, 4:13CV1915 (RWS), 2013 U.S. Dist. LEXIS 186545 (E.D. Mo. Oct. 15, 2013); *T.F. v. Pfizer, Inc.*, No. 4:12CV1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012); *S.L. v. Pfizer, Inc.*, No. 4:12CV420 (CEJ) (E.D. Mo. Apr. 4, 2012); *Douglas v. GlaxoSmithKline, LLC*, No. 4:10CV971 (CDP), 2010 WL 2680308, at *2 (E.D. Mo. July 1, 2010); *Valle v. Ethicon, Inc.*, No. 4:13CV798 (RWS) (E.D. Mo. Apr. 29, 2013)); *see also Clayton*, 2015 U.S.

---

[2] Fraudulent misjoinder occurs when a plaintiff joins a viable claim, either by another non-diverse plaintiff or against another non-diverse defendant, with "no reasonable procedural basis to join them in one action" because the claim that destroys diversity has "no real connection with the controversy." *Prempro*, 591 F.3d at 620 (footnotes and citations omitted). Whether a party has been fraudulently misjoined depends on whether there has been an "egregious and grossly improper" joinder "under the broadly-interpreted joinder standards." *Id.* at 624. By contrast, "[f]raudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal," *Prempro*, 591 F.3d at 620, which has "no reasonable basis in fact and law." *Knudson v. Systs. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

Dist. LEXIS 50062; *Littlejohn,* 2015 U.S. Dist. LEXIS 48048; *Jennings v. Pfizer Inc.*, 4:14CV276 (HEA), 2014 U.S. Dist. LEXIS 81044 (E.D. Mo. May 8, 2014).

Accordingly, this Court will remand this matter and "leave to the learned state court the question of personal jurisdiction." *Liljeberg v. Continental Tire the Americas, LLC*, 2012 WL 602306 at *5 (M.D. Ala. Feb. 24, 2012).

**Conclusion**

Based on the foregoing, the Court grants Plaintiffs' Motion to Remand, and denies Defendants' Motions to Dismiss and Stay. Further, the Court denies Defendants' request for an interlocutory order permitting appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay [Doc. No. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for an interlocutory order permitting appeal is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit of the City of St. Louis.

Dated this 5th day of August, 2015.

_/s/ Henry Edward Autrey_
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE